# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **KEION MALIK BONNER** | **CASE NO. 6:19-CV-01302** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **NOLVEY STELLY ET AL** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

This Court has three times ordered Plaintiff, Keion Malik Bonner, to either contact the Court or appear. Plaintiff has failed to comply with any such order, despite having received notice of same. Therefore, as set forth below, the Court recommends that the suit be dismissed without prejudice.

### Factual Background

In October 2019, Plaintiff, then represented by Stephen Haedicke, filed this lawsuit pursuant to 28 U.S.C. §1983 asserting various constitutional violations arising out of an officer-involved shooting incident with Lafayette Police officers. (Rec. Doc. 1; 3; 7). On March 3, 2020, Mr. Haedicke moved to withdraw as Plaintiff's counsel on the grounds that Mr. Bonner failed to communicate with him following receipt of the State Police investigation report and body camera footage. According to Mr. Haedicke's Motion, those materials presented issues with the case which needed to be discussed with Plaintiff in order to evaluate and decide whether and how to proceed. (Rec. Doc. 9-1, p. 1-2). Despite repeated attempts to discuss

with Plaintiff, Mr. Haedicke was unable to speak with him since the filing of the Complaint. Mr. Bonner did not appear for a scheduled meeting, and neither Mr. Haedicke nor others working on the case were able to locate or communicate with him thereafter. (Rec. Doc. 9-1, p. 2).

On March 16, 2020, the Western District issued the *Order Regarding Court Operations under the Exigent Circumstances Created by the COVID-19 Pandemic*, which closed the courthouse for hearings.[1] This Court had previously set Mr. Haedicke's Motion to Withdraw for hearing on April 9, 2020, later re-set for May 14, 2020, and ordered Mr. Bonner to personally appear. (Rec. Doc. 10; 16). Due to the ongoing pandemic and closure of the court, on May 8, 2020, the Court granted Mr. Haedicke's Motion to Withdraw and ordered Mr. Bonner to contact the Court within thirty (30) days. (Rec. Doc. 19). The Clerk of Court mailed the May 8, 2020 Order to Mr. Bonner at his addresses on file by certified mail. The return receipts were returned unsigned. (Rec. Doc. 20). Mr. Bonner did not contact the Court as ordered within thirty (30) days.

Because Plaintiff failed to contact the Court as ordered, on June 9, 2020, the Court issued an order for Mr. Bonner to appear in court on July 16, 2020 to show cause for his failure to comply with the Court's prior order. (Rec. Doc. 22). The

---

[1] Available at https://www.lawd.uscourts.gov/ (last visited July 16, 2020).

Clerk of Court mailed the Order by certified mail, and the return receipt was returned, signed by "Mike Bonner" on June 11, 2020. (Rec. Doc. 24).

The Court was again forced to cancel the court hearing set for July 16, 2020 due to the ongoing pandemic. Instead, the hearing was converted to a telephone hearing on the same date. (Rec. Doc. 25). The Courtroom Deputy confirmed for the Court that the Electronic Order regarding the July 16, 2020 telephone hearing was mailed to Mr. Bonner. Nevertheless, Mr. Bonner did not appear either in person at the courthouse or participate in the telephone hearing on July 16, 2020.

## Law and Analysis

A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court. Fed.R.Civ.P. 41(b). "The court possesses the inherent authority to dismiss the action *sua sponte,* without motion by a defendant." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988), citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). "Trial courts should be allowed leeway in the difficult task of keeping their dockets moving[, and the f]ailure to attend a hearing is a critical default." *Id*.

A dismissal without prejudice, where the statute of limitations is not implicated does not prejudice the plaintiff. However, a dismissal without prejudice is effectively a dismissal with prejudice, if the statute of limitations would bar refiling of the action. In the latter instance, the court must find that the plaintiff's

"failure to comply with the court order was the result of purposeful delay or contumaciousness," and the court should employ "lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

This is a §1983 case arising from an incident in October 2018. Louisiana's one-year prescriptive period for delictual actions applies. See *Elzy v. Roberson*, 868 F.2d 793, 795 (5th Cir. 1989). In Louisiana, prescription is interrupted by the filing of a suit in a court of competent jurisdiction and venue. La. C.C. art. 3492; 3462. Once prescription is interrupted, the prescriptive period commences anew from the last date of interruption. La. C.C. art. 3466. If an action is dismissed without prejudice, the plaintiff has the full prescriptive period within which to bring the action. *Gonzalez v. Seal*, 677 F. App'x 918, 922 (5th Cir. 2017), citing La. C.C. art. 3463, cmt. (b) (citing *Hebert v. Cournoyer Oldsmobile–Cadillac–G.M.C., Inc.*, 405 So.2d 359, 360 (La.App. 4th Cir. 1981)). Thus, since the Court recommends that this action be dismissed without prejudice, prescription will not preclude Plaintiff from refiling the suit after dismissal. In any event, the Court finds that Plaintiff's failure to work with his prior counsel and failure to comply with orders to contact the Court and appear has been contumacious. Thus, the Court recommends that the suit be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 16th day of July, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE